**Opinion filed November 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00347-CR

_____

## JOHNNY BLANCHARD WILLIAMSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR24275**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Johnny Blanchard Williamson, for the offense of continuous violence against the family. Appellant waived a jury. After a bench trial, the trial court found Appellant guilty and assessed his punishment at confinement for ten years. We affirm.

In his sole issue on appeal, Appellant claims that the trial court violated his due process rights. He contends that the trial court deprived him of due process

when it did not conduct an informal inquiry into Appellant's competence to stand trial and when it failed to subsequently order a competency trial.

On appeal, Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we will not detail the evidence related to the commission of the offense.

The trial court first inquired about Appellant's competency during a hearing on a motion for continuance. When the trial court asked Appellant's counsel about Appellant's competency, counsel told the trial court that Appellant was competent to stand trial. Appellant was present when trial counsel made the statement.

Subsequently, Appellant was late to a preliminary hearing, and on another occasion, Appellant did not show up for a pretrial hearing on a motion to quash. Trial counsel had previously informed the trial court that Appellant did not have transportation and that the two of them had experienced trouble meeting. At the hearing on the motion to quash, trial counsel also informed the trial court that he and Appellant had communication difficulties.

Later, on the first day of trial, Appellant discussed his mental condition with the trial court. Additionally, trial counsel told the trial court about Appellant's history with the Texas Department of Mental Health and Mental Retardation (MHMR). Trial counsel also noted the difficulty that he had when he tried to communicate with Appellant. However, counsel indicated that he did not believe that Appellant was incompetent or insane. As of the trial date, no mental examination had been performed in connection with this case. The record reflects that Appellant had not filed a formal motion for a mental examination.

A defendant's due process rights are violated when he is tried while he is incompetent. *Turner v. State*, 422 S.W.3d 676, 688–89 (Tex. Crim. App. 2013). Generally, a defendant is presumed to be competent to stand trial unless

proved otherwise by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2018). If, however, a defendant does not have "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding," or if he does not have "a rational as well as factual understanding of the proceedings against [him]," then he is considered incompetent to stand trial. *Id.* art. 46B.003(a).

Either party may suggest by motion, or the court may suggest on its own motion, that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(a). The suggestion of incompetency, which "may consist solely of a representation from any credible source that the defendant may be incompetent," is the threshold that triggers an informal inquiry under the statute. *Id.* art. 46B.004(c-1). The factors to consider that suggest the need for an informal inquiry include whether the defendant can "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E) exhibit appropriate courtroom behavior; and (F) testify." *George v. State*, 446 S.W.3d 490, 500 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (quoting CRIM. PROC. art. 46B.024(1)); *see* CRIM. PROC. art. 46B.004(c-1).

If there is a suggestion that the defendant might be incompetent, then the trial court must first make an informal inquiry to determine whether "there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." CRIM. PROC. art. 46B.004(c). The trial court is not required to follow any specific protocols for the informal inquiry. *George*, 446 S.W.3d at 501. If some evidence of incompetency is found, the trial court must then

order a competency examination and, with certain exceptions not applicable here, must hold a formal competency trial. CRIM. PROC. art. 46B.005(a)–(c).

Because the trial court can observe the defendant's mannerisms and behaviors, it is in a better position to determine whether a defendant is competent. The trial court's decision whether to hold an informal inquiry and its findings following the inquiry are reviewed for an abuse of discretion. *George*, 446 S.W.3d at 499; *Goswick v. State*, No. 11-16-00164-CR, 2017 WL 2986841, at \*2 (Tex. App.—Eastland July 13, 2017, no pet.) (mem. op., not designated for publication). "We do not substitute our judgment for that of the trial court; instead, we determine whether the trial court's decision was unreasonable." *Goswick*, 2017 WL 2986841, at \*2.

We will first address that part of Appellant's claim in which he argues that the trial court erred when it did not make an informal inquiry into his competence to stand trial. Appellant asserts in his brief that the trial court should have conducted an informal inquiry into Appellant's competency because suggestions of incompetency were apparent. However, the record reflects that the trial court did in fact make two separate informal inquiries into Appellant's competency to stand trial.

The first informal inquiry was conducted during the pretrial hearing on Appellant's motion for continuance. At the hearing, Appellant's counsel told the trial court that he had considerable trouble meeting with Appellant. Counsel explained that one of the main reasons for that difficulty was that Appellant did not have transportation. The trial court subsequently asked counsel whether he believed that Appellant was competent to stand trial, and Appellant's counsel responded: "Your Honor, he is competent to stand trial."

The second informal inquiry was conducted on the first day of trial. Appellant personally told the trial court: "I had a baby in November, and I've been going

4

through some CPS stuff, and I kind of had a pretty much mental-type breakdown during November. . . . I don't feel like I'm ready to face today. Like, I've been breaking down crying. I've had conflict with myself in my head." When the trial court asked Appellant whether he had been able to see a medical professional, Appellant replied that he had scheduled an appointment with MHMR. The trial court then asked trial counsel whether he believed that Appellant was able to assist him with a reasonable degree of rational understanding in preparing his defense; trial counsel answered in the affirmative.

Appellant argues that there were other suggestions of incompetency that warranted an informal inquiry. We disagree. In his brief, Appellant asserts that he made "[c]onsistent outbursts at trial, some of which were nonsense," as a suggestion of incompetency. However, "disruptive courtroom conduct and a general failure to cooperate are not probative of incompetence to stand trial." *George*, 446 S.W.3d at 501. Further, the examples that Appellant cites in his brief do not show that Appellant made any nonsensical outbursts. To the contrary, his interruptions or comments were "timely, topical, and logically related to the questions and answers offered during" the examination of himself or other witnesses. *Id.* (quoting *Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999)).

Appellant's other purported suggestions of incompetence all concern his history of mental disorders. A defendant's history of mental illness or bizarre behavior does not automatically require an inquiry into competence to stand trial. *Ashley v. State*, 404 S.W.3d 672, 678 (Tex. App.—El Paso 2013, no pet.). In this case, Appellant does not show how his mental illnesses affected his then-present ability to communicate with his counsel or understand the proceedings.

The trial court had the opportunity to observe Appellant. Further, the trial court questioned Appellant's trial counsel regarding Appellant's competency. The

5

trial court conducted not one but two informal inquiries as to Appellant's competency. Upon this record, we cannot say that the trial court abused its discretion. Appellant has not shown that his due process rights were violated.

Next, we will briefly address what we take to be Appellant's claim that the trial court should have held a formal competency trial following the informal inquiries. Before a trial court is required to order and conduct a competency trial, the trial court must find at the informal inquiry stage that there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial. *Turner*, 422 S.W.3d at 696. In so finding, the trial court must put aside any evidence of competency and consider only evidence of incompetency. *Id.*

During these proceedings, the trial court had an opportunity to observe Appellant's behavior. Further, when the trial court asked Appellant's trial counsel to comment upon Appellant's competency, trial counsel stated that Appellant was competent. Also, Appellant's counsel stated at a pretrial hearing that the difficulty in communication was mainly due to Appellant's lack of transportation and not due to Appellant's mental issues. Trial counsel told the trial court that he and Appellant had a "good long discussion" where counsel learned of some of Appellant's mental health issues. Furthermore, when Appellant personally addressed the trial court, there was no indication that he was unable to communicate with his attorney or to understand the proceedings. As such, Appellant has provided no evidence that would support a rational finding that he was incompetent to stand trial. The trial court conducted two informal inquiries into Appellant's competence. There is nothing in this record to show that those inquiries contained any reason to order a mental examination and competency trial. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


November 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.